FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JESSE ALLAN JEWETT BEACH,

    Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS; WYOMING
GOVERNOR, in his official capacity, a/k/a
Mark Gordon; WYOMING
DEPARTMENT OF CORRECTIONS
DIRECTOR, in his official capacity, a/k/a
Don Shannon; WYOMING
DEPARTMENT OF CORRECTIONS
DEPUTY ADMININSTRATOR, in his
official capacity, a/k/a Scott Abbott;
WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN, in her
official capacity, a/k/a Nichole Molden;
WYOMING DEPARTMENT OF
CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION
WARDEN NORRIS, in his official
capacity, a/k/a Seth Norris; WYOMING
DEPARTMENT OF CORRECTIONS
MEDIUM CORRECTIONAL
INSTITUTION WARDEN MARTIN, in
his official capacity, a/k/a Todd Martin;
WYOMING DEPARTMENT OF
CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION
SECURITY MAJOR, in their official and
individual capacity, a/k/a Todd Martin;
WYOMING DEPARTMENT OF
CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION
SECURITY MAJOR, in their official and

No. 24-8063
(D.C. No. 2:24-CV-00099-KHR)
(D. Wyo.)

individual capacity, a/k/a S Hobson; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION CAPTAIN EVERSOL, in her official and individual capacity, a/k/a Crystal Eversol; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION CAPTAIN JACOBS, in their official and individual capacity, a/k/a Captain Jacobs; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION LIEUTENANT MAYNARD, in their official and individual capacity, a/k/a Lieutenant Maynard; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION LIEUTENANT MRUSEK, in his official and individual capacity, a/k/a Casey Mrusek; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION LIEUTENANT VIAU, in his official and individual capacity, a/k/a Mark Viau; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION LIEUTENANT LIEN, in their official and individual capacity, a/k/a Lieutenant Lien; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION SERGEANT PERALTA, in their official and individual capacity, a/k/a Sergeant Peralta; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION SERGEANT VAN PELT, in their official and individual capacity, a/k/a Sergeant Van Pelt; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM

2

CORRECTIONAL INSTITUTION SERGEANT GIORDANI, in his official and individual capacity, a/k/a Danny Giordani; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION CORPORAL, in their official and individual capacity, a/k/a Corporal Croner; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION OFFICER GRIFFIN, in their official and individual capacity, a/k/a Officer Griffin; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION OFFICER COE, in their official and individual capacity, a/k/a Officer Coe; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION OFFICER MCDANIEL, in their official and individual capacity, a/k/a Officer McDaniel; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION OFFICER MCMACKEN, in their official and individual capacity, a/k/a Officer McMacken; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION SERGEANT HANDLEY, in their official and individual capacity, a/k/a M. Handley; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION HOUSING MANAGER THAYER, in her official and individual capacity, a/k/a Janell Thayer; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION SERGEANT VALPLET, in their official and individual capacity, a/k/a Sergeant

3

Valplet; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION UNIT MANAGER ROSE, in their official and individual capacity, a/k/a Unit Manager Rose; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION UNIT MANAGER MCFARREN, in her official and individual capacity, a/k/a Darci McFarren; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION CASEWORKER HANDLEY, in her official and individual capacity, a/k/a Jennifer Handley; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION CASEWORKER RUST, in their official and individual capacity, a/k/a Caseworker Rust; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION CASEWORKER DEVORE, in their official and individual capacity, a/k/a Caseworker Devore; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION HOUSING MANAGER HOLMES, in her official and individual capacity, a/k/a Katie Holmes; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION ASSOCIATE WARDEN, in her official and individual capacity, a/k/a Jenifer Bohn; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION LIEUTENANT HOBBS, in their official and individual capacity, a/k/a Lieutenant Hobbs; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM

4

CORRECTIONAL INSTITUTION
CASEWORKER SCOTT, in their official
and individual capacity, a/k/a Karla Scott;
YESCARE, f/k/a Corizon; MARK
GORDON, individually; SCOTT
ABBOTT, individually; NICHOLE
MOLDEN, individually; SETH NORRIS,
individually; WYOMING DEPARTMENT
OF CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION CHIEF
MENTAL HEALTH SPECIALIST, in her
official and individual capacity, a/k/a
Specialist McKinnon; WYOMING
DEPARTMENT OF CORRECTIONS
MEDIUM CORRECTIONAL
INSTITUTION GRIEVANCE
MANAGER, in their official and
individual capacity, a/k/a Audrea
Dudinzski; WYOMING DEPARTMENT
OF CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION
MAJOR, in his official and individual
capacity, a/k/a Steven Chulski;
WYOMING DEPARTMENT OF
CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION
ASSISTANT GRIEVANCE MANAGER,
in his official and individual capacity, a/k/a
Joshua Wagner; WYOMING
DEPARTMENT OF CORRECTIONS
MEDIUM CORRECTIONAL
INSTITUTION MENTAL HEALTH
COUNSELOR SAPP, in her official and
individual capacity, a/k/a Counselor Sapp;
WYOMING DEPARTMENT OF
CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION
MENTAL HEALTH COUNSELOR
GRUING, in his official and individual
capacity, a/k/a M.H. Gruing; WYOMING
DEPARTMENT OF CORRECTIONS
MEDIUM CORRECTIONAL
INSTITUTION GRIEVANCE

5

MANAGER EMIGH, in her official and
individual capacity, a/k/a J. Emigh;
WYOMING DEPARTMENT OF
CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION
GRIEVANCE MANAGER MENTAL
HEALTH COUNSELOR LONG, in her
official and individual capacity, a/k/a Carol
Long,

      Defendants - Appellees.

_____

### ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.

_____

Confined in a Wyoming prison, Jesse Beach sued many officials and entities

under 42 U.S.C. § 1983.  The district court screened his complaint and dismissed it,

concluding the complaint failed to state a claim that could entitle Mr. Beach to relief.

*See* 28 U.S.C. § 1915A.  Mr. Beach appeals, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Mr. Beach's relevant claims arose from three events alleged in his amended complaint.[1]  First, some defendants refused to house him in "A-3," presumably a housing unit in the prison.  R. vol. 1 at 40.  Second, the same defendants altered a "prior mental health diagnosis" Mr. Beach had received.  *Id.*  Third, suspecting Mr. Beach and his cellmate were under the influence of drugs, other defendants demanded they submit to a drug test.  Despite Mr. Beach's insistence that he was sober, a prison officer put "him in full restraints" so that a nurse could "check on" him.  *Id.* at 41.  Several defendants then took Mr. Beach to a different unit and put him "in a locked cage."  *Id.* at 42.  A prison security officer threatened him with pepper spray because he refused "to answer a question."  *Id.*

The district court dismissed Mr. Beach's claims for various reasons, and we will discuss those reasons below as they become relevant.

II

A

"The first task of an appellant is to explain to us why the district court's decision was wrong."  *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).  Yet Mr. Beach's brief presents relatively few arguments targeting the district court's reasoning.  Although the brief makes many conclusory assertions

---

[1] In a 10-page order, the district court dismissed Mr. Beach's original complaint, explained its shortcomings, and granted leave to file an amended complaint.  Mr. Beach's amended complaint is the relevant one for this appeal.

that Mr. Beach suffered violations of his rights, these scattered assertions do not amount to arguments triggering our review. *See Eizember v. Trammell*, 803 F.3d 1129, 1141 (10th Cir. 2015) (recognizing that "stray sentences" in a brief "are insufficient to present an argument"). Mr. Beach represents himself, so we construe his filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we cannot take on the role of his attorney by crafting arguments where he has failed to do so. *See id.* And so he has waived any arguments against the district court's decision not developed in his brief. *See id.* at 841.

We review de novo the district court's dismissal for failure to state a claim. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). We accept as true the well-pleaded allegations in the complaint, and we view them in the light most favorable to Mr. Beach. *See id.*

B

The district court concluded that Mr. Beach's claims arising from the refusal to house him in a particular unit and the alteration of his mental-health diagnosis were barred by the statute of limitations. Challenging this conclusion, Mr. Beach contends the limitations period never began to run because he still suffers from the "active violations." Aplt. Br. at 2. This argument invokes the continuing-wrong doctrine, a doctrine holding that in cases involving "a continuing or repeated injury" the limitations period "does not begin to run until the wrong is over and done with." *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430–31 (10th Cir. 1996) (internal quotation marks omitted). But the amended complaint contains no allegations suggesting that

8

the continuing-wrong doctrine should apply. The doctrine does not apply if "the plaintiff's injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Id.* at 1431 (internal quotation marks omitted). That is the case here because the housing decision and the diagnosis alteration were discrete acts, and Mr. Beach has not asserted that anything prevented him from seeking redress for those acts.

Mr. Beach attempted to bring an equal-protection claim under a class-of-one theory. The claim alleged that a prison official treated Mr. Beach differently than his cellmate even though both were suspected of being under the influence of drugs. The district court dismissed the claim "because the imposition of sanctions is an inherently discretionary act, and the use of discretion in such contexts does not raise equal protection arbitrariness concerns." R. vol. 1 at 211 (brackets and internal quotation marks omitted). Although Mr. Beach insists on appeal that his class-of-one theory is valid, he never addresses the district court's reasoning. For that reason, he has waived any argument against the court's analysis. *See Garrett*, 425 F.3d at 841.

The district court dismissed Mr. Beach's official-capacity claims for injunctive relief because the relief requested was not narrowly drawn to address the alleged violations of his rights. "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A). Mr. Beach alleged violations of only his rights. And the injunctive relief he sought, the district court concluded, went far beyond that necessary to remedy the wrongs he

alleged. For example, he requested the establishment of a "department" to force the Wyoming Department of Corrections to follow its "own policies." R. vol. 1 at 80.

Mr. Beach has shown no error in the court's injunctive-relief ruling. He asserts that "further federal regulation" is necessary because the Wyoming Department of Corrections functions "unconstitutionally through malice activity." Aplt. Br. at 4 (emphasis and internal quotation marks omitted). This statement fails to address the district court's concern that broad federal oversight would not be necessary to address the wrongs alleged in the complaint.

Mr. Beach argues the district court erred when it dismissed his Eighth Amendment claims stemming from the allegation that a prison official threatened to use pepper spray on him. But we have specifically rejected an inmate's argument that a threat "to spray him with mace" violated the Eighth Amendment. *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001). And so the district court correctly concluded that the threat to use pepper spray on Mr. Beach did not violate the Eighth Amendment.[2]

The district court held that Mr. Beach could not obtain compensatory damages because he failed to allege a physical injury. *See* 42 U.S.C. § 1997e(e). Although

---

[2] Mr. Beach suggests that the validity of his excessive-force claim becomes clear when one considers the factors outlined in *Graham v. Connor*, 490 U.S. 386, 396 (1989), and *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008). But those cases involve excessive-force claims under the Fourth Amendment, not the Eighth Amendment. And an excessive-force claim under the Fourth Amendment turns on "a very different legal test" than one under the Eighth Amendment. *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010).

Mr. Beach says he alleged facts showing "bodily injury," Aplt. Br. at 22, he never identifies the injury or directs us to the part of his amended complaint describing it. He has shown no error in the district court's analysis. Besides, he has failed to show that the portion of his complaint raising claims against defendants in their individual capacities stated a plausible claim that a constitutional violation occurred, so the type of remedy available for such a violation does not matter.

The district court dismissed several other claims for different reasons. Mr. Beach has not addressed the reasons for the dismissals, so he has waived any argument against the court's ruling on the claims not discussed in this decision. *See Garrett*, 425 F.3d at 841.

III

We affirm the district court's order. We grant Mr. Beach's motion to proceed without prepaying costs or fees. We deny his motion to provide oral argument. We also deny his motion "to present relevant questions before the Court," construed as a motion to supplement the record, because we "generally limit our review on appeal to the record that was before the district court when it made its decision," *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). To the extent Mr. Beach moves for an injunction pending appeal, we deny that motion as moot.

Entered for the Court


Allison H. Eid
Circuit Judge

11